UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

SCOTT D. OWENS, individually,

     Plaintiff,

v.

BROWARD ADJUSTMENT SERVICES, INC.,
a Florida corporation,

     Defendant.

_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF 15 U.S.C. § 1692 et seq. AND 47 U.S.C. § 227 et seq. JURY DEMAND

1.     Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").   Defendant, a debt collector, violated the FDCPA by contacting Plaintiff in a manner prohibited by federal law as well as failing to send an initial notice informing the Plaintiff of his rights as required by federal law.

### JURISDICTION AND VENUE

2.     This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367 and 15 U.S.C. § 1692k.  Venue in this District is proper because Plaintiff resides here and Defendant does business in this District.

## PARTIES

3.      Plaintiff, SCOTT D. OWENS ("Plaintiff"), is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4.      Defendant, BROWARD ADJUSTMENT SERVICES, INC. ("Defendant"), is a Florida corporation, engaged in the business of collecting upon debts, and operating from offices located at 2876 East Oakland Park Blvd., Ft. Lauderdale, Florida 33306.

5.      Defendant regularly uses the mail and telephone in a business, the principal purpose of which is the collection of consumer debts.

6.       Defendant regularly collects or attempts to collect debts for itself and other parties; it is a "debt collector" as that term is defined in the FDCPA.

7.      At all times material to the allegations of this complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

8.      Defendant sought to collect an alleged debt from Plaintiff arising from a nominal medical debt incurred by Plaintiff.

9.      On September 30, 2011, Defendant called Plaintiff with respect to the aforementioned debt; this was Defendant's first communication with Plaintiff with respect to the alleged debt.

10.     In its communication with Plaintiff, Defendant contacted Plaintiff on his cellular telephone.

11.     Plaintiff never provided his cellular telephone to Defendant or Defendant's client.

12.     When Plaintiff answered his telephone he heard a pre-recorded message instructing him to wait for a moment until a representative came to the line, or similar words to that effect.

13.     Eventually, an agent of Defendant came on the line and spoke with Plaintiff regarding the alleged debt, the calling party failed to identify himself as a debt collector.

14.     Defendant has since failed to communicate to Plaintiff his federal rights as required under 15 U.S.C. § 1692g.

15.     Under 15 U.S.C § 1692g(a)(3-5), a debt collector shall:

*Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—*

*(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;*

*(4)  a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and*

*(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.*

16.    Any potential *bona fide* error defense which relies upon Defendant's mistaken interpretation of the legal duties imposed upon them by the FDCPA would fail as a matter of law.  *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.*, 130 S.Ct. 1605 (U.S. April 21, 2010).

17.    The FDCPA has been construed by Federal Courts as a strict liability statute that is to be construed liberally so as to effectuate its remedial purpose.  See

generally, *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. March 30, 2010); *Russell v. Equifax A.R.S.,* 74 F.3d 30, 33 (2d Cir. 1996).

18.     The TCPA and FDCPA are intertwined and serve congruent purposes; hence, a violation of the TCPA may support a federal cause of action under the FDCPA.  *See e.g.*, *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1190, 1192 (11th Cir. 2010) (holding that a violation of the FCCPA may lead to a violation of the FDCPA); *Clark v. Weltman, Weinberg & Reis, Co., L.P.A.*, 2010 WL 2803975, at *2 (S.D. Fla. July 15, 2010) (stating that allegations which support a cause of action under the TCPA may also support a violation of the FDCPA).

<u>COUNT I</u>
<u>FAILURE TO PROPERLY NOTIFY PLAINTIFF OF HIS FEDERAL RIGHTS UNDER 15 U.S.C. § 1692g(a)(3-5)</u>

19.     Plaintiff incorporates Paragraphs 1 through 18.

20.     Within five (5) days of its initial communication with Plaintiff, Defendant failed to inform Plaintiff of his federal rights in violation of 15 U.S.C § 1692g(a)(3-5).  *See generally, Miller v. McCalla*, 214 F.3d 872 (7th Cir. 2000).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

        a.     Damages;

b. Attorney's fees, litigation expenses and costs of the instant suit; and

c. Such other or further relief as the Court deems proper.

## COUNT II
## TELEPHONIC HARASSMENT IN VIOLATION OF 15 U.S.C. § 1692d

21. Plaintiff incorporates Paragraphs 1 through 18.

22. Defendant's unlawful use of calling Plaintiff with an unlawful prerecorded message in an effort to collect a consumer debt from Plaintiff was in violation of 15 U.S.C. § 1692d and 15 U.S.C. § 1692d(5).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Damages;

b. Attorney's fees, litigation expenses and costs of the instant suit; and

c. Such other or further relief as the Court deems proper.

## COUNT III
## FAILURE TO DISCLOSE STATUS AS A DEBT COLLECTOR

23. Plaintiff incorporates Paragraphs 1 through 18.

24.     Defendant's voicemail message failed to disclose to Plaintiff that it was a debt collector in violation of 15 U.S.C § 1692e(11).  See *Chalik v. Westport Recovery Corp.*, 677 F.Supp.2d 1322 (S.D. Fla. October 30, 2009) (holding that debt collectors leaving voicemail messages requesting a return phone call on a consumer debt are subject to the requirements of 15 U.S.C § 1692e(11))

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.    Damages;

b.    Attorney's fees, litigation expenses and costs of the instant suit; and

c.    Such other or further relief as the Court deems proper.

## COUNT IV
## VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT

25.    Plaintiff incorporates Paragraphs 1 through 18.

26.    Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by making telephone call(s) to Plaintiff's cellular telephone, which were initiated by a pre-recorded message; the aforesaid call(s) were not legally permitted under any provision to the TCPA

7

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.  $500 dollars in statutory damages for each violation of the TCPA over the last four years;

b.  $1500 dollars in statutory damages for each knowing or willful violation of the TCPA over the last four years;

c.  A permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone;

d.  A declaratory judgment that Defendant has violated Plaintiff's rights under the TCPA,

e.  Attorney's fees, litigation expenses and costs of the instant suit; and

f.  Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 13th day of October, 2011.

SCOTT D. OWENS, ESQ.
*Attorney for Plaintiff*
2000 E. Oakland Park Blvd., Suite 106
Ft. Lauderdale, FL 33306
Telephone: 954-306-8104
Facsimile: 954-337-0666

scott@scottdowens.com

By: *s/ Scott D. Owens*
  Scott D. Owens, Esq.
  Florida Bar No. 0597651

  ERIK S. KARDATZKE, ESQ.
  *Co-counsel to Plaintiff*
  Debt Defense, P.L.
  6915 Red Road, Suite 200
  Coral Gables, FL  33143
  Telephone: 305-444-4323
  Facsimile: 305-444-4107
  legal@debtdefenselaw.com

  By:  /s/ *Erik S. Kardatzke*
  Erik S. Kardatzke, Esq.
  Florida Bar No. 017862